IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NOTHERN DIVISION
No. 2:14-CR-5-BO-1
No. 2:17-CV-24-BO

| | |
|---|---|
| LAMONT NICHOLAS RIDDICK, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | O R D E R |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government, in response, has moved to dismiss the motion to vacate. For the reasons that follow, the government's motion to dismiss is granted.

## BACKGROUND

On August 11, 2014, petitioner pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841. Petitioner was sentenced on November 18, 2014 to a term of 150 months' imprisonment. Petitioner did not appeal his judgment. Petitioner then filed the instant motion to vacate, alleging he was improperly sentenced as a career offender in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). The government has moved to dismiss the motion.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil

Procedure apply to section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3rd Cir. 2000)).

Petitioner argues that under *Mathis* he is no longer a career offender, because his North Carolina drug convictions were improperly considered career offender predicates, leading to his increased guidelines range.

Certain prior felony offenses—controlled substance offenses and crimes of violence—qualify as predicate offenses for determining career offender status. U.S.S.G. § 4B1.2(b). If a defendant has at least two prior predicate offenses, he is considered a career offender and is sentenced under more severe guidelines. *Id.* In *Mathis*, the Supreme Court dealt with how a sentencing court determines what is considered a qualifying predicate offense under the Armed Career Criminal Act. 136 S.Ct. at 2257. When looking at a prior offense, a court should use the modified categorical approach. *Id.* This means the court should look at the statutory elements of a particular offense to determine whether it is either a controlled substance offense or a crime of violence. *Id.*

A controlled substance offense is an offense that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance)" or "the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1(2)(b).

Petitioner has career offender status because at time of sentencing he had more than two prior North Carolina felony controlled substance convictions. [DE 29 at 6-7]. These convictions were for possessing a controlled substance with the intent to manufacture, import, export,

2

distribute, or dispense. They were punishable by a term longer than a year, and they occurred after petitioner turned eighteen. They are clearly controlled substance offenses for the purposes of the guidelines. The modified categorical approach does not affect the nature of those convictions, and therefore does not change petitioner's career offender status. Petitioner's motion is dismissed.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 49] is GRANTED and petitioner's motion to vacate [DE 40, 43] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 22 day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3